# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL RAVER, <br> 4700 S. Bureau Road <br> Terre Haute, IN 47802 <br><br> *Plaintiff,* <br><br> v. <br><br> DEPARTMENT OF THE ARMY, <br> 101 Army Pentagon <br> Washington, DC 20310-0101 <br><br> DEFENSE HEALTH AGENCY, <br> Freedom Requestor Service Center <br> 7700 Arlington Blvd, Ste. 5101 <br> Falls Church, VA 22042 <br><br> U.S. ARMY FOIA OFFICE, <br> Records Management Directorate <br> 9301 Chapek Road, Building 1458 <br> Fort Belvoir, VA 22060 <br><br> DEPARTMENT OF THE ARMY <br> UNITED STATES DISCIPLINARY BARRACKS, <br> 1301 North Warehouse Road <br> Fort Leavenworth, KS 66027 <br><br> *Defendants.* | Civil Action No. 1:25-cv-2186 |

## COMPLAINT

### *Jurisdiction and Venue*

1. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B), which grants jurisdiction to "the district court of the United States in the district…[of] the District of Columbia" to hear complaints to compel production, under the FOIA, of requested records improperly withheld from the complainant.

2. Venue is proper under 28 U.S.C. §1391(e)(1), as Defendant Department of the

1

Army resides in this district.

### Parties

3. Plaintiff, Michael Raver, is a citizen of the United States who resides at the address listed in the caption. At all times relevant to this action, Mr. Raver was residing in the United States.

4. Defendant, Department of the Army, is an agency of the United States which resides at the address indicated in the caption.

5. Defendant, Defense Health Agency ("DHA"), is an agency of the United States which resides at the address indicated in the caption.

6. Defendant, U.S. Army FOIA Office, is an agency of the United States which resides at the address indicated in the caption.

7. Defendant, Department of the Army - United States Disciplinary Barracks ("USDB") is an agency of the United States which resides at the address indicated in the caption.

### Timeliness and Exhaustion

8. The statute of limitations for bringing a FOIA complaint is six years. *See* 28 U.S.C. § 2401(a); *see, e.g., Borromeo v. Mayorkas,* 2023 WL 2249966 *1, *4 (E.D. Va. February 27, 2023).

9. A FOIA requester is generally required to exhaust administrative appeal remedies before seeking judicial redress. *See Hidalgo v. FBI,* 344 F.3d 1256, 1258–59 (D.C.Cir.2003); *Oglesby v. Department of the Army,* 920 F.2d 57, 61–62 (D.C.Cir.1990).

10. But, subject to exceptions not relevant to this action, a plaintiff is considered to have constructively exhausted his remedies if the agency does not respond to a request or appeal

within 20 business days. *See Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 184 (D.C. Cir. 2013).

11. Here, as detailed *infra,* it has been over 20 business days, and the Department of the Army, DHA, USDB, and U.S. Army FOIA offices have failed to respond to Mr. Raver's FOIA requests and appeals. *See Citizens for Responsibility & Ethics in Washington*, 711 F.3d at 184.

12. Mr. Raver brings this action within six years of the Department of the Army's, DHA's, USDB's, and U.S. Army FOIA Office's failures to respond to his FOIA appeals and request, respectively.

13. Mr. Raver's complaint is therefore timely.

### Statement of the Facts

14. Plaintiff, Michael Raver, was formerly confined at the USDB in Fort Leavenworth, Kansas.

15. On September 15, 2022, Mr. Raver collapsed on the USDB soccer field during a recreational soccer game.

16. Despite exhibiting signs of distress and the need for immediate medical attention, USDB medical personnel failed to provide medical assistance for approximately 40 minutes.

17. When medical personnel finally arrived, they failed to treat Mr. Raver in accordance with the proper standard of care.

18. Mr. Raver had suffered a severe heart attack, and the delay in receiving medical attention significantly contributed to the worsening of his condition, which eventually led to Mr. Raver's heart experiencing devastating effects.

19. The failure to promptly render medical assistance, assess Mr. Raver's condition, have a working EKG machine on hand, or transport Mr. Raver to a medical facility in a timely manner constituted negligence by USDB medical staff.

20. On or about April 5, 2024, counsel for Mr. Raver submitted a FOIA request on behalf of Mr. Raver to the USDB, seeking records relevant to Mr. Raver's medical treatment. Mr. Raver sought these records to assist him in bringing a claim under the Military Claims Act, 10 U.S.C. § 2733a.

21. Counsel for Mr. Raver received no reply.

22. On or about April 26, 2024, the United States Department of Justice erroneously informed counsel for Mr. Raver that all his outstanding FOIA requests had been fulfilled, and that no further documents would be released without re-initiating a request.

23. On or about April 30, 2024, counsel for Mr. Raver followed up on Mr. Raver's FOIA request with the USDB via email and were told only that the request had been received. No documents were provided in response to this follow up communication.

24. On or about May 3, 2024, counsel for Mr. Raver followed up with the USDB again, but received no response.

25. On or about May 16, 2024, counsel for Mr. Raver mailed a letter to the USDB, requesting records "regarding PA Mark Lawson's medical treatment notes, emails, and internal communications at the USDB, pertaining to inmate Michael Raver… videotape of inmate Michael Raver collapsing on the soccer field at the USDB on September 15, 2022…[and] reports for why there was no fully operational EKG machine at the USDB on September 15, 2022."

26. This letter contained an attorney authorization from Mr. Raver.

4

27. Also on or about May 16, 2024, counsel for Mr. Raver mailed a letter to the DHA, and Munson Army Health Center, requesting "any and all of Mr. Raver's medical records in their entirety, medical documents, treatment records, treatment notes, opinions, emails, memoranda, charts, and patient safety reports…the medical records for Mr. Raver that include any and all medical encounters, treatment notes, emails, and USDB internal communications with PA Mark Lawson…the videotape footage of the USDB soccer fields on September 15, 2022 where Mr. Raver was collapsed…[and] any records or documents pertaining to why there was no fully operational electrocardiogram (EKG) machine at the USDB."

28. On or about May 21, 2024, the DHA replied to counsel for Mr. Raver, stating:

> Your request was received in this office on May 21, 2024, from the Munson Army Health Center Patient Administration Division…The portion of your request regarding Mr. Michael Raver's medical records will be handled by Munson Army Health Center's Patient Administration Division (PAD) and processed according to the Privacy Act 5 U.S.C § 552a…The portion of your request regarding video surveillance on the soccer field will be handled by the United States Disciplinary Barracks Freedom of Information Act Office as this falls under their purview. For any questions or concerns regarding this portion of the request, you may contact the United States Disciplinary Barracks Freedom of Information Act Liaison, Mr. Michael Leo…The portion of your request regarding (summarized) patient safety reports, emails/internal communications from Mr. Mark Lawson pertaining to Mr. Michael Raver, and reports regarding the EKG machine have been transferred to the releasing authority, the Defense Health Agency, for which Munson Army Health Center falls under. The Defense Health Agency will conduct a search for the records mentioned within this paragraph and will send you a response.

29. On or about June 20, 2024, the United States Disciplinary Barracks Freedom of Information Office coordinator Michael Leo advised counsel for Mr. Raver that he had "requested the CCTV video" and would "keep [counsel for Mr. Raver] informed when [he] received the video."

5

30. However, on or about July 15, 2024, Mr. Leo sent an affidavit, dated June 25, 2024, to counsel for Mr. Raver which stated: "I can confirm that no records of your request exist. CCTV footage is only kept for 21 Calander [sic] days. I firmly swear and affirm that every detail mentioned in this affidavit is entirely true, correct, and complete to the best my knowledge. The Areas that I have looked for the files: My office. I have looked for the files for total number of hours: Approximately 60 minutes. I have looked for the files on the following Date(s): 17 June 2024."

31. On or about August 21, 2024, counsel for Mr. Raver appealed Mr. Leo's denial on behalf of the DHA and the USDB, requesting:

- "The Exact Policy on CCTV Footage Retention: An official statement or documentation of the USDB's policy on the retention and deletion of CCTV footage."

- "Search and Retrieval Efforts: Detailed information about the search and retrieval efforts conducted by the FOIA Office Coordinator and other relevant personnel in response to my requests."

- "Possible Alternatives: If the footage has indeed been deleted, any possible alternatives for obtaining similar evidence, such as other surveillance systems, witness statements, or logs that could provide relevant information about when and how long Mr. Raver was [sic] the soccer fields on September 15, 2022."

32. As of this filing, Mr. Raver has not received a responsive reply to his FOIA request and appeal on the DHA or USDB.

33. On or about September 18, 2024, counsel for Mr. Raver requested from the US Army FOIA Office:

- "All EMT response records detailing the call to respond to my client's medical emergency, including the exact time the call was made, when the EMTs were dispatched, and when they arrived at the scene."

- "Incident reports and medical logs created by the EMTs or other responding medical personnel at the USDB, documenting their assessment, treatment, and transport of my client."

- "Communications and internal emails regarding the emergency response, including but not limited to communications between on-site personnel, the EMTs, and USDB command staff, concerning my client's collapse and the subsequent EMT response."

- "Logs or records of communication between USDB and external medical services (if third-party EMTs were involved), including any radio or phone transmissions documenting the timeline of the response."

- "Policies and procedures in place at the time of the incident regarding emergency medical response at the USDB, specifically for incidents occurring on the soccer fields or similar outdoor areas."

- "Any after-action reviews or internal investigations conducted by the USDB or any other Army personnel regarding the timeliness and adequacy of the emergency medical response provided to my client."

34. In response to this request, on or about December 17, 2024, Jennifer L. Donohue of the US Army Claims Service sent counsel for Mr. Raver a Use of Medical Records Release Form for Mr. Raver's signature.

35. Mr. Raver signed and returned the Use of Medical Records Release Form, through counsel, on or about March 10, 2025.

36. As of this filing, Mr. Raver has not received a responsive reply to his FOIA request on the U.S. Army FOIA Office.

*Plaintiff's First Claim*

**Violation of 5 U.S.C. § 552(a)(6)(A)(i) – The DHA Has Failed to Make a Timely Determination on Mr. Raver's Request.**

37. The allegations of the preceding paragraphs are incorporated by reference as if fully stated herein.

7

38. Under 5 U.S.C. § 522(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions" of FOIA.

39. Under 5 U.S.C. § 552(a)(6)(A)(i), an agency is required to "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request."

40. The DHA is an agency subject to FOIA, 5 U.S.C. § 552, and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding materials as to which it is claiming an exemption.

41. Mr. Raver made his FOIA request on the DHA on or about May 16, 2024.

42. In response, on or about May 21, 2024, the DHA indicated that "[t]he portion of your request regarding Mr. Michael Raver's medical records will be handled by Munson Army Health Center's Patient Administration Division (PAD) and processed according to the Privacy Act 5 U.S.C § 552a…The portion of your request regarding (summarized) patient safety reports, emails/internal communications from Mr. Mark Lawson pertaining to Mr. Michael Raver, and reports regarding the EKG machine have been transferred to the releasing authority, the Defense Health Agency, for which Munson Army Health Center falls under. The Defense Health Agency will conduct a search for the records mentioned within this paragraph and will send you a response."

43. The DHA thus indicated that it was the releasing authority for all records of the Munson Army Health Center.

44. It has been over 20 business days since DHA received Mr. Raver's FOIA request. *See Citizens for Responsibility & Ethics in Washington*, 711 F.3d at 184.

45. However, the DHA has never responded to Mr. Raver's FOIA request.

46. All in violation of 5 U.S.C. § 552(a)(6)(A)(i).

*Plaintiff's Second Claim*

**Violation of 5 U.S.C. § 552(a)(6)(A)(ii) – The USDB Has Failed to Make a Timely Determination on Mr. Raver's Appeal.**

47. The allegations of the preceding paragraphs are incorporated by reference as if fully stated herein.

48. Under 5 U.S.C. § 522(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions" of FOIA.

49. Under 5 U.S.C. § 552(a)(6)(A)(ii), an agency is required to "make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal."

50. The USDB is an agency subject to FOIA, 5 U.S.C. § 552, and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding materials as to which it is claiming an exemption.

51. On or about August 21, 2024, counsel for Mr. Raver appealed Mr. Leo's denial on behalf of the USDB, requesting:

- "The Exact Policy on CCTV Footage Retention: An official statement or documentation of the USDB's policy on the retention and deletion of CCTV footage."

- "Search and Retrieval Efforts: Detailed information about the search and retrieval efforts conducted by the FOIA Office Coordinator and other relevant personnel in response to my requests."

9

- "Possible Alternatives: If the footage has indeed been deleted, any possible alternatives for obtaining similar evidence, such as other surveillance systems, witness statements, or logs that could provide relevant information about when and how long Mr. Raver was [sic] the soccer fields on September 15, 2022."

52. It has been over 20 business days since the USDB received Mr. Raver's FOIA appeal. *See Citizens for Responsibility & Ethics in Washington*, 711 F.3d at 184.

53. Yet the USDB has not responded to Mr. Raver's appeal.

54. All in violation of 5 U.S.C. § 552(a)(6)(A)(ii).

*Plaintiff's Third Claim*

**Violation of 5 U.S.C. § 552(a)(6)(A)(i) – The Department of the Army and the US Army FOIA Office Have Together Failed to Make a Timely Determination on Mr. Raver's Request.**

55. The allegations of the preceding paragraphs are incorporated by reference as if fully stated herein.

56. Under 5 U.S.C. § 522(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions" of FOIA.

57. Under 5 U.S.C. § 552(a)(6)(A)(i), an agency is required to "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request."

58. The Department of the Army is an agency subject to FOIA, 5 U.S.C. § 552, and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding materials as to which it is claiming an exemption.

59. However, upon information and belief, the Department of the Army has outsourced its responsibilities to respond to FOIA requests to the US Army FOIA Office.

60. In turn, the US Army FOIA Office is an agency subject to FOIA, 5 U.S.C. § 552, and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding materials as to which it is claiming an exemption.

61. On or about September 18, 2024, counsel for Mr. Raver requested from the US Army FOIA office:

- "All EMT response records detailing the call to respond to my client's medical emergency, including the exact time the call was made, when the EMTs were dispatched, and when they arrived at the scene."

- "Incident reports and medical logs created by the EMTs or other responding medical personnel at the USDB, documenting their assessment, treatment, and transport of my client."

- "Communications and internal emails regarding the emergency response, including but not limited to communications between on-site personnel, the EMTs, and USDB command staff, concerning my client's collapse and the subsequent EMT response."

- "Logs or records of communication between USDB and external medical services (if third-party EMTs were involved), including any radio or phone transmissions documenting the timeline of the response."

- "Policies and procedures in place at the time of the incident regarding emergency medical response at the USDB, specifically for incidents occurring on the soccer fields or similar outdoor areas."

- "Any after-action reviews or internal investigations conducted by the USDB or any other Army personnel regarding the timeliness and adequacy of the emergency medical response provided to my client."

62. In response to this request, on or about December 17, 2024, Jennifer L. Donohue of the US Army Claims Service sent counsel for Mr. Raver a Use of Medical Records Release Form for Mr. Raver's signature.

63. Mr. Raver signed and returned the Use of Medical Records Release Form, through counsel, on or about March 10, 2025.

64. But, as of this filing, Mr. Raver has not received a responsive reply to his FOIA request on the U.S. Army FOIA Office.

65. All in violation of 5 U.S.C. § 552(a)(6)(A)(i).

### *Prayer for Relief*

WHEREFORE, Plaintiff prays that judgment be entered:

(a) Ordering the Defense Health Agency to make a prompt determination on Mr. Raver's FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(A)(i); and,

(b) Ordering the United States Disciplinary Barracks to make a prompt determination on Mr. Raver's FOIA appeal, pursuant to 5 U.S.C. § 552(a)(6)(A)(ii)

(c) Ordering the Department of the Army and the US Army FOIA Office to make a prompt determination on Mr. Raver's FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(A)(i); and,

(d) Granting Mr. Raver award of attorney's fees for the costs of bringing this action under the Equal Access to Justice Act (28 U.S.C. § 2412(d)(1)(A), (B)); and,

(e) Any other and further relief as the Court may deem, in the circumstances, be just and proper.

Dated July 9, 2025.                               Respectfully submitted,

                                                  */s/ Dylan Thayer*
                                                  Dylan Thayer

DC Bar No. 90015821
Law Offices of David P. Sheldon, P.L.L.C.
100 M Street SE, Suite 600
Washington, DC  20003
Tel: 202.546.9575
Fax: 202.546.0135

*Attorney for Plaintiff*

13